THE AMERICAN TRADING COMPANY, APELANTE, *v.* MONSERRAT, APELADO.

## Apelación procedente de la Corte de Distrito de Ponce.

No. 860.—Resuelto en junio 28, 1913.

ACCIÓN DE NULIDAD DE ACTUACIONES—PROCEDIMIENTO SUMARIO HIPOTECARIO—JURISDICCIÓN DE LAS CORTES DE DISTRITO.—De acuerdo con el artículo 175 del reglamento para la ejecución de la Ley Hipotecaria, existe la acción de nulidad de actuaciones de un procedimiento sumario para el cobro de una hipoteca, y, de conformidad con el artículo 76 del Código de Enjuiciamiento Civil, cualquier corte de distrito con arreglo a su jurisdicción puede conocer de dicha acción de nulidad de actuaciones cuando las partes hubieren convenido expresa o tácitamente en someter el pleito a la decisión de la misma.

ID.—HIPOTECA DISTRIBUÍDA EN PLAZOS—PAGARÉS A LA ORDEN POR EL IMPORTE DE CADA PLAZO—ADJUDICACIÓN DE LAS FINCAS HIPOTECADAS EN PAGO PARCIAL DE UN PLAZO—DERECHO DE LOS DUEÑOS DE LOS OTROS PAGARÉS.—En el presente caso se constituyó hipoteca sobre varias fincas rústicas a pagar en diez plazos y se expidió un pagaré por cada plazo a la orden del acreedor. Dueña la demandante del pagaré número 3 y vencida y no satisfecha la deuda en él reconocida, la cobró por medio del procedimiento sumario que establece la ley hipotecaria, adjudicándosele seis de las fincas hipotecadas sin que se cancelara en el registro el gravamen general que pesaba sobre dichas fincas. Así las cosas, el demandado alegando ser dueño del pagaré número 5, entabló para cobrarlo el mismo procedimiento seguido por la demandante y lo dirigió contra los bienes adjudicados a la demandante, basándose en que la hipoteca constituída sobre dichos bienes no estaba cancelada. La demandante inició entonces este pleito solicitando la nulidad del procedimiento sumario establecido por el demandado. Se resolvió: 1°., que vencida y no satisfecha la deuda reconocida en el pagaré número 3, la demandante pudo cobrarlo dirigiendo su acción contra los bienes hipotecados, pero teniendo en cuenta que dichos bienes al par que el crédito de la demandante garantizaban otros créditos de igual naturaleza ya que todos emanaban de una sola hipoteca, la demandante sólo pudo adquirir, al adjudicársele dichos bienes en pago parcial de su crédito, la parte proporcional que en el producto de la venta representaba dicho crédito, quedando los bienes gravados para garantir la parte proporcional correspondiente a los demás acreedores; y 2°., que aplicando también al demandado el anterior principio, debe concluirse que no tiene derecho a cobrar en los bienes adquiridos por la demandante la totalidad de su crédito, sino la parte proporcional que pueda corresponderle.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sres. Felipe Casalduc y Edward S. Paine.*

Abogado del apelado: *Sr. Alfredo Arnaldo.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

The American Trading Company entabló una demanda en la Corte de Distrito de Ponce contra Damián Monserrat Suro, sobre nulidad de un procedimiento hipotecario seguido por Monserrat en la Corte de Distrito de Mayagüez y sobre cancelación de un crédito hipotecario inscrito en el Registro de la Propiedad de Mayagüez.

El demandado solicitó el traslado del pleito, pero luego desistió, sometiéndose a la jurisdicción de la corte y alegando por vía de excepción previa, que la demanda no aducía hechos suficientes para determinar una causa de acción. La corte resolvió que la demanda era suficiente en cuanto a que en ella se exponen hechos bastantes para sostener la solicitud de cancelación y resolvió, además, que carecía de jurisdicción para declarar la nulidad del procedimiento hipotecario.

A petición del demandado la resolución de la corte se registró como sentencia el 12 de febrero de 1912. Por su sentencia la corte de distrito desestimó la demanda en cuanto a la nulidad del procedimiento hipotecario y la declaró con lugar en cuanto a la cancelación del crédito hipotecario. Contra la parte de la sentencia relativa a la nulidad del procedimiento hipotecario, entabló la demandante, The American Trading Company, el presente recurso de apelación. Nuestra misión, se limitará pues, dentro de este recurso, a considerar y a resolver si la Corte de Distrito de Ponce tenía o nó jurisdicción para declarar la nulidad solicitada por la demandante, y si la tenía, a dictar, de acuerdo con el artículo 306 del Código de Enjuiciamiento Civil, enmendado en 1906, leyes de 1906, página 65, la sentencia que debió haber dictado la corte de distrito.

Los fundamentos que tuvo la Corte de Distrito de Ponce para declarar que no tenía jurisdicción, pueden reasumirse así: Que en la actualidad no existe la acción de nulidad de actuaciones; que tal acción sólo existía anteriormente como un incidente a la demanda principal; que sólo puede obte-

nerse la revisión y corrección de una sentencia por virtud de una apelación o *certiorari,* o por moción directamente presentada al mismo tribunal ante el cual se siguió el procedimiento; que puede darse el caso en que un deudor pudiera entablar una acción para que se declarara la nulidad de una adjudicación hecha en un procedimiento hipotecario y como motivo y base de semejante petición, alegar y pedir que se declararan nulas las actuaciones, cuando los vicios y defectos de que adolecieren fueran de tal naturaleza que justificaran dicha petición, pero nunca en un caso como el presente en que se solicita la nulidad de un procedimiento que se está tramitando, ya que la resolución que se dictara sería completamente ineficaz, puesto que la Corte de Distrito de Ponce.no tendría facultades para ordenar a la Corte de Distrito de Mayagüez que dejara de actuar en el procedimiento declarado nulo.

Veamos si el juez de distrito tuvo razón o la tiene la apelante, The American Trading Company.

Después de consignar como regla general el artículo 175 del reglamento para la ejecución de la Ley Hipotecaria, que no podrán suspenderse por medio de incidentes los procedimientos sumarios para el cobro de hipotecas, establece los casos excepcionales en que la suspensión puede obtenerse, y luego dice:

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo. La competencia para conocer de este juicio declarativo se determinará por las reglas ordinarias."

La prescripción legislativa que hemos transcrito, resuelve, entre otros extremos: 1, que cabe entablar un pleito sobre nulidad de actuaciones del procedimiento sumario para el co-

bro de hipotecas autorizado por la Ley Hipotecaria y por su reglamento; y 2, que la competencia para conocer de dicho pleito se determinará por las reglas ordinarias.

Versando el pleito entablado en este caso sobre nulidad de un procedimiento hipotecario, tratándose como se trata de una corte de jurisdicción general como la de Distrito de Ponce y habiéndose sometido a dicha corte ambas partes, opinamos que la regla ordinaria aplicable está contenida en el artículo 76 del Código de Enjuiciamiento Civil que dice:

"Con arreglo a su jurisdicción una corte conocerá de los pleitos a que dé origen el ejercicio de las acciones de todas clases, cuando las partes hubieren convenido en someter dicho pleito a la decisión de tal corte."

Y aplicando esa regla a este caso concreto, es necesario concluir que la Corte de Distrito de Ponce tenía jurisdicción para resolver y debió haber resuelto la cuestión de la nulidad del procedimiento hipotecario que se estaba tramitando en la Corte de Distrito de Mayagüez. Su sentencia, en el caso de decretar la nulidad, no tendría ciertamente el efecto de un mandato a la Corte de Distrito de Mayagüez, pero obligaría a las partes sometidas a su jurisdicción.

Veamos si de los hechos alegados en la demanda, surge como consecuencia inevitable la nulidad solicitada por The American Trading Company.

Allá por el año de 1900 se constituyó una hipoteca sobre varias fincas para garantizar la suma de ciento treinta mil pesos. El deudor se obligó a pagar esa suma en diez plazos anuales de trece mil pesos cada uno, otorgándose para cada plazo un pagaré a la orden del acreedor. En cada pagaré se consignó lo que sigue: "* * *. En garantía de la anterior obligación y de lo demás que totaliza la suma de ciento treinta mil pesos provinciales y sus intereses al seis por ciento anual, he hipotecado a favor de dicho señor veinte fincas rústicas * * * según todo consta más detallado de documento hipotecario otorgado en esta misma fecha ante

el notario de esta ciudad   *   *   *.'' Los pagarés se numeraron con los números del uno al diez. Los correspondientes a los números 1 y 2 se pagaron y se canceló en cuanto a ellos el gravamen que pesaba sobre algunas de las fincas hipotecadas. Dueña la demandante The American Trading Company del pagaré número 3 y vencida y no satisfecha la deuda en él reconocida, se dirigió para cobrarla contra los bienes hipotecados. Seguido el procedimiento que marca la Ley Hipotecaria se adjudicaron a la demandante seis de las fincas hipotecadas en pago parcial de su crédito, sin que se cancelara en el registro de la propiedad el gravamen general que pesaba sobre dichas fincas.

Así las cosas, Damián Monserrat Suro alegando ser dueño y tenedor del pagaré número 5, entabló demanda para su cobro siguiendo los trámites marcados en la Ley Hipotecaria y, amparándose en que el gravamen que pesaba sobre las fincas adquiridas por la demandante estaba aún vigente en el registro, dirigió su acción contra las dichas fincas de la demandante.

De acuerdo con los términos del contrato, con la ley y con la jurisprudencia, es evidente que vencida y no pagada la deuda, The American Trading Company pudo cobrarla como la cobró dirigiendo su acción contra los bienes que la garantizaban. Ahora bien, esos bienes garantizaban otras deudas al par que el crédito de la American Trading Company y ésta no pudo adquirir como adquirió para sí la totalidad del producto de su venta, sino la parte proporcional correspondiente, continuando gravados los expresados bienes para garantizar la parte proporcional correspondiente a los otros acreedores. Véase la decisión de esta Corte Suprema del día de hoy en el recurso número 840, *The American Trading Company* v. *Damián Monserrat Suro,* y la de la Corte Suprema de los Estados Unidos en el caso de *Lovell* v. *Cragin,* 136 U. S., 130.

El hecho de que las seis fincas hipotecadas se adjudicaran a The American Trading Company, no cambia la naturaleza

de la responsabilidad. Esta es la misma que si otra persona cualquiera hubiera asistido a la subasta pública de dichas fincas y hubiera pagado por ellas diez mil pesos. De dichos diez mil pesos en tal caso sólo hubiera procedido entregar a The American Trading Company su parte proporcional, entregando o reservando el resto para entregarlo a los demás acreedores. El derecho de éstos a partir de la venta de los bienes, queda reducido a su parte proporcional en el producto de la venta, continuando los bienes gravados solamente para garantir el pago de esa parte proporcional.

Siendo esto así, es necesario concluir que la base en que descansa el procedimiento hipotecario iniciado por Damián Monserrat Suro pretendiendo cobrar la totalidad del pagaré número 5 de que alega ser dueño y tenedor en las fincas adquiridas por la demandante y no la parte proporcional en el precio de la venta de dichas fincas, es insostenible, y no puede, en tal virtud, servir de fundamento a un procedimiento legal válido y eficaz.

Debe revocarse la sentencia en la parte en que ha sido apelada y declararse la nulidad del procedimiento hipotecario de que se ha hecho mérito.

> *Revocada y dictada sentencia declarando nulo el procedimiento hipotecario atacado en este pleito.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.